**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Yolanda H., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:20-cv-50497 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yolanda H. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her applications for disability insurance benefits and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

### I. Background

In June 2018, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging a disability beginning on May 25, 2018, because of diabetes, neuropathy, complications in both her hands and wrist, locked fingers, and left eye complications. R. 73, 83. Plaintiff was 58 years old on her alleged onset date.

Following a hearing, an administrative law judge ("ALJ") issued a decision on March 4, 2020, finding that Plaintiff was not disabled from her alleged onset date through the date of the decision. R. 15–30. The ALJ found that Plaintiff engaged in substantial gainful activity from May 2018 to June 2018 and October 2018 to December 2018. For the period that Plaintiff did not engage in substantial gainful activity, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus with diabetic neuropathy and non-proliferative diabetic retinopathy; bilateral hip osteoarthritis with left hip trochanteric bursitis; degenerative disc and joint disease of the lumbar spine; hypertension; primary biliary cirrhosis of the liver; and obesity. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. The ALJ determined that Plaintiff was capable

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

of performing her past relevant work as a receptionist and eligibility specialist as generally performed.

After the Appeals Council denied Plaintiff's request for review on November 4, 2020, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); *see also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## III. Discussion

Plaintiff challenges the ALJ's decision on the grounds that he did not properly assess her RFC. Specifically, Plaintiff argues that: (1) the ALJ erred by asking the vocational expert about how much time off-task is tolerated but then failing to address Plaintiff's need for time off-task in the RFC; and (2) the ALJ failed to adequately account for Plaintiff's hand impairment by only limiting her to frequent handling and fingering.

However, Plaintiff's arguments rely largely on Plaintiff's subjective complaints, which the ALJ discounted as inconsistent with the evidence in the record, and her disagreement with the ALJ's weighing of the evidence. Plaintiff contends that the ALJ should have adopted a more restrictive RFC but admits that no medical source opined to limitations greater than those adopted by the ALJ. This is critical because the Seventh Circuit has stated that "when no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error." *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) (unpublished) (citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)); *Gedatus*, 994 F.3d at 904 (finding the fact that no doctor offered any opinion

2

setting sitting limits greater than those set by the ALJ a "fundamental problem"); *see also Hosea M. v. Saul*, No. 18 CV 2926, 2019 WL 5682835, at *7 (N.D. Ill. Nov. 1, 2019) ("[C]ourts within this Circuit have repeatedly held that [t]here is no error in the formulation of an RFC when there is no doctor's opinion contained in the record [that] indicates greater limitations than those found by the ALJ.") (collecting cases) (internal quotation marks omitted). For the reasons discussed below, Plaintiff's arguments do not warrant a remand.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

## A. Time Off-Task

Plaintiff faults the ALJ for asking the vocational expert about how much time off-task is tolerated but failing to address Plaintiff's need for time off-task in the RFC.

When the ALJ asked the vocational expert about tolerances for time off-task, the vocational expert responded that any more than 15% of the workday spent off-task would be work preclusive. R. 67. However, the ALJ did not adopt an off-task limitation in the RFC. Plaintiff cites *Jacob D. v. Kijakazi*, No. 20-CV-0554, 2021 WL 3674610, at *5 (N.D. Ill. Aug. 19, 2021), to argue that the ALJ was required to address the vocational expert's testimony because it was evidence contrary to his decision. Pl.'s Mt. at 8–10, Dkt. 19. As Plaintiff correctly points out, an "administrative law judge may not ask a vocational expert a hypothetical question *based on substantial evidence* and then ignore unfavorable answers." *Jacob D.*, 2021 WL 3674610, at *5 (citation omitted) (emphasis added). Accordingly, Plaintiff seems to admit that an ALJ is not required to discuss every hypothetical posed to a vocational expert, particularly where the hypotheticals contain limitations that are not supported by the record. *See Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021); *Outlaw v. Astrue*, 412 Fed. App'x 894, 898 (7th Cir. 2011) (unpublished) ("The ALJ needed only to include limitations in his RFC determination that were supported by the medical evidence and that the ALJ found to be credible."); *Kathleen C. v. Saul*, No. 19 C 1564, 2020 WL 2219047, at *6 (N.D. Ill. May 7, 2020) ("The fact that an ALJ considers adding a [ ] limitation to an RFC does not establish that such a limitation is ultimately warranted.").

In support of an off-task limitation, Plaintiff points to her testimony and reports of chronic, debilitating pain limiting her ability to stand, walk, sit, and persist in activities of daily living. Plaintiff also points to treatment records reporting that her pain generally limited her functionality and an MRI showing degenerative changes and a disc bulge in her back. Plaintiff maintains that this evidence provides substantial evidence to support an off-task limitation, arguing that it "stands to reason that this pain would prevent Plaintiff from being able to persist in carrying out a full day of work activity, even at the sedentary level." Pl.'s Mt. at 8, Dkt. 19. Yet, Plaintiff points to no medical opinion in the record that supports an off-task limitation or anything in the record

evaluating her off-task propensity. *See Gedatus*, 994 F.3d at 904 ("A fundamental problem is [claimant] offered no opinion from any doctor to set [ ] limits ... greater than those the ALJ set."); *Edward H. v. Kijakazi*, No. 20-CV-3847, 2023 WL 2683171, at *9 (N.D. Ill. Mar. 29, 2023) ("[T]he ALJ was not obligated to provide for – or even discuss – such a restriction where no medical opinion in the record supported it."). The state agency reviewing physicians, the only medical source that opined on Plaintiff's functional limitations, did not find that Plaintiff's impairments or allegations of pain required a time off-task restriction. *See* R. 73–82, 97–108. As the Commissioner points out, Plaintiff has the burden to establish "not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work." *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) (unpublished); *see also* 20 C.F.R. § 404.1512(a).

Moreover, the ALJ did not ignore the evidence that Plaintiff cites to in support of an off-task limitation. The ALJ considered Plaintiff's reports of debilitating pain but pursuant to Social Security Ruling 16-3p, 2017 WL 5180304, found they were inconsistent with Plaintiff's substantial gainful activity following her alleged onset date, the objective findings in the record, and her recommended course of treatment. *See* R. 21–22; *see also* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."). The ALJ considered the treatment notes that Plaintiff cites regarding limitations in her functioning due to pain, her continued reports of pain despite physical therapy, and an MRI showing bilateral facet degeneration changes and a disc bulge. *See* R. 24–26. But in considering this evidence, the ALJ pointed out the radiologist's assessment that the "MRI seemed discordant with [Plaintiff's] radicular pain complaints and she did not need a referral to neurosurgery or the pain clinic for an epidural injection. R. 26 (citing R. 846). Additionally, although Plaintiff reported that physical therapy did not help her hip pain, she did report that it helped her back pain and "expressed satisfaction with her improvement, felt that she was ready for discharge, and agreed to continue performing a home exercise program." R. 25 (citing R. 843). Plaintiff also reported "significant pain relief" following injections in her hip. R. 869; R. 865 ("60-70% improvement for 3 mo."). Although Plaintiff's treating physician referred her for an orthopedic consultation and a possible hip replacement because of Plaintiff's continued hip pain, her orthopedic doctor only recommended medication, an injection, and for Plaintiff to lose weight. R. 26 (citing R. 943–44).

The ALJ considered all the above evidence, including that Plaintiff largely complained of debilitating pain with increased activity, such as walking and navigating stairs, when limiting her to sedentary work with additional postural limitations and only occasional use of stairs. *See, e.g.,* R. 23 (citing R. 597 (reporting pain aggravated by standing, walking, and climbing stairs)); R. 24 (citing R. 718 ("[Plaintiff] said she had to quit her job at the public schools as she could not tolerate the walking and navigating the stairs.")). The ALJ has said enough to ensure that he considered the totality of Plaintiff's limitations in formulating the RFC. Therefore, the ALJ's lack of discussion about the vocational expert's testimony concerning off-task time does not warrant a remand.

## B. Hand Limitations

Plaintiff also argues that the ALJ failed to adequately account for Plaintiff's trigger fingers in her hands by only limiting her to frequent handling and fingering "as opposed to occasional

handling and fingering or less than occasional." Pl.'s Reply at 2, Dkt. 25. Yet, the state agency reviewing physicians opined that Plaintiff could perform light work with no manipulative limitations. R. 80, 106. Although the ALJ found their opinions "not persuasive," in part because they did not have all the medical evidence and Plaintiff's hearing testimony at the time they rendered their opinions in 2018, the ALJ did so because he agreed with Plaintiff that she was more limited than the physicians found her to be. R. 29. Therefore, the ALJ adopted an RFC that was more restrictive than what the state agency physicians provided.

Nevertheless, Plaintiff seems to argue that the ALJ could not rely on the state agency physicians' determination that Plaintiff had no manipulative limitations when formulating the RFC because they "did not appear to take into account plaintiff's trigger fingers." Pl.'s Reply at 2, Dkt. 25. However, not only did the state agency physicians acknowledge Plaintiff's complaint of locked fingers, but they also specifically referenced the consultative examiner's diagnosis of trigger finger of the middle fingers bilaterally. R. 80, 106 (citing R. 599). Despite this evidence, they opined that Plaintiff had no manipulative limitations, citing Plaintiff's activities of daily living and the consultative examiner's findings that Plaintiff maintained normal grip strength and normal fine and gross manipulation. R. 79–80, 105–06. The consultative examiner further found that Plaintiff maintained the ability to make a fist, pick up objects, open and close the door, oppose the thumb to fingers, and flip pages. R. 598.

Plaintiff does not dispute the consultative examiner's findings or the fact that no functional limitations were provided despite a diagnosis of trigger finger. Plaintiff merely points to her testimony that she has arthritis in her hands and trigger fingers that cause her pain, R. 57, and medical records from 2017 documenting her trigger finger. R. 381–89. However, the ALJ specifically considered the evidence Plaintiff points to in his decision:

> [T]he claimant has reported bilateral hand arthritis and periodic trigger finger in the 4th and 5th digits of her left hand. The undersigned was unable to identify any objective medical evidence in record since the claimant's alleged onset date to support these complaints, other than the internal medicine consultative examiner's finding of trigger finger in claimant's bilateral 3rd digits, noted at Ex. 8F/3, with no indication of any resulting functional limitations including grip strength. An x-ray of claimant's left hand on August 6, 2018 showed only mild scattered osteoarthritis of the 1st carpometacarpal and MCP joints (Ex 11F/47). Well before the claimant's alleged onset date, between May and August 2017, she reported pain and periodic locking of her left middle and ring fingers, and was diagnosed with trigger fingers and tenosynovitis (Ex. 1F). However, there is no evidence that this condition persisted for 12 months or more, or that the condition resulted in more than minimal functional limitations. The foregoing RFC limitation to frequent handling, fingering gives benefit of doubt to the claimant's complaints.

R. 18.

It is up to the ALJ to weigh conflicting evidence and provide a reasonable explanation for his conclusion. This is precisely what the ALJ did here. The ALJ's decision to limit Plaintiff to frequent handling and fingering was appropriately based on Plaintiff's statements, the findings

from her consultative examination, the lack of objective evidence in support, and the only medical opinions in the record regarding Plaintiff's functional limitations. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 859-60 (7th Cir. 2023) (stating that the ALJ's "careful consideration" of the evidence was "shown by the fact that he departed from the residual functional capacity recommended by the state agency physicians ... based on his independent review of the full evidentiary record"); *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (stating that an ALJ's RFC finding that "was more limiting than that of any state agency doctor or psychologist" illustrated "reasoned consideration given to the evidence [the claimant] presented"); *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (unpublished) (finding no error where no doctor recommended any limitations based on the claimant's diagnosed condition).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Date: October 9, 2024        By: *Margaret J. Schneider*

                                       Margaret J. Schneider
                                       United States Magistrate Judge